**Lucinda (Cindy) BOMBE, a/k/a Lucinda (Cindy) Rickard, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 42S00–8608–CR–763.**

Supreme Court of Indiana.

July 14, 1988.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant for Dealing in a Schedule II Controlled Substance, a Class B felony, for which she received eleven (11) years, and Maintaining a Common Nuisance, a Class D felony, for which she received two (2) years, the sentences to run concurrently.

The facts are: In the summer of 1984, Stanley Williams, Jr., who had been arrested on unrelated charges, was acting as an informant for the Knox County Sheriff and the Vincennes Police Department. Al-

though appellant was not a target at the time, Williams happened to be in her apartment at which time she offered to sell him Methamphetamine, referred to by appellant and the informant as "crank." The informant notified police officers of this incident.

On July 10, 1984, the informant was searched by police officers, given $100, and sent to buy "crank" from appellant. She sold him one-half gram of the drug for $50. Subsequent chemical analysis determined the substance to be Methamphetamine weighing .3075 grams. In a prior incident on July 2, 1984, undercover police officer William George had purchased 1.3122 grams of cocaine from appellant and one Charles Mack. There was also evidence that Bobby McDowell, who was also working with the police, had purchased from appellant one-quarter gram of Methamphetamine on three occasions and one-quarter pound of marijuana in January and February of 1984.

 Appellant claims the trial court erred in overruling her objection to evidence of independent and distinct transactions four to five months prior to the charged crimes. Appellant relies on the general proposition that evidence of other unrelated crimes is inadmissible, citing *Penley v. State* (1987), Ind., 506 N.E.2d 806 and other cases. However, evidence of other crimes may be admitted to show intent, motive, purpose, identification, or common scheme and plan. *Jenkins v. State* (1985), Ind., 474 N.E.2d 84.

 Commencing with defense counsel's opening statement and continuing throughout the trial, appellant attempted to cast doubt upon the informant's veracity and motivation. When appellant testified, she categorically denied that she had ever sold drugs to either of the informants but stated that she had purchased drugs from them. It was not error for the trial court to allow evidence of other transactions to establish the fact that appellant was engaged in the scheme and plan of selling drugs. We find no reversible error in this record.

The trial court is affirmed.

DeBRULER and PIVARNIK, JJ., concur.

SHEPARD, C.J., and DICKSON, J., dissent without separate opinion.